UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
XIAODAN LU, individually and derivatively on behalf
of ABC JOINT VENTURE (which is a fictitious name),        No. 24-cv-6291

                          Plaintiff,        **VERIFIED COMPLAINT** and
                                            **DEMAND FOR JURY TRIAL**

   -against-

LIN WANG a/k/a LYNN WANG, WONDERFUL CO.
LTD d/b/a WONDERFUL TEXTILE, and ABC JOINT
VENTURE (which is a fictitious name),

                          Defendants,

   -and-

ABC JOINT VENTURE (which is a fictitious name),

                        Nominal Defendant.

--------------------------------------------------------------------X

       Plaintiff, XIAODAN LU ("Plaintiff"), by and through his undersigned counsel, files this

complaint against Defendants LIN WANG, WONDERFUL CO. LTD d/b/a WONDERFUL

TEXTILE ("Wonderful TT"), and ABC JOINT VENTURE (which is a fictitious name)

(collectively "Defendants" and Wang and Wonderful TT as the "Wang Defendants"), for his

individual claims and derivative claims on behalf of an unnamed joint venture alleges as follows:

### STATEMENT OF CASE

    1.    This suit is brought by Plaintiff individually and derivatively on behalf of an

unnamed joint venture, which is referred to herein as "ABC Joint Venture."

    2.    Plaintiff's individual claims assert that Defendant Lin Wang, a/k/a Lynn Wang, has

breached obligations that she owes to Plaintiff, including as a joint venturer with Plaintiff in ABC

Joint Venture, and that ABC Joint Venture has breached its obligations to Plaintiff.

3.      Plaintiff's derivative claims assert, first, that Wang and Defendant Wonderful TT have taken opportunities that belong to ABC Joint Venture for themselves without compensation or authority and, second, that Wang and Wonderful TT have taken the Shalala New York trademark (the "Mark") that Plaintiff assigned to ABC Joint Venture as part of a July 2019 agreement with Wang for themselves and have used it directly and indirectly for themselves and without authority, which has caused injury to the rightful owner of the Mark, i.e., the joint venture. These claims, including a claim brought under the federal Lanham Act, are brought derivatively because Wang controls ABC Joint Venture and thus ABC Joint Venture will not assert claims against her, which also makes it futile for Plaintiff to demand that ABC Joint Venture itself sue Wang and her company Wonderful TT directly.

4.      As set forth below, Wang's and Wonderful TT's unauthorized and unlawful acts constitute federal trademark infringement, false designation of origin, false description, cybersquatting, and unfair competition injury to business reputation, all in violation of 15 U.S.C. §§ 1114 and 1125(a) and in violation of New York common law.

## THE PARTIES

5.      Plaintiff XIAODAN LU ("Plaintiff") is a natural person over the age of eighteen and is a citizen of and has a residence in the Eastern District of New York. He is also known as Lu Xiaodan.

6.      ABC Joint Venture is the fictitious name given to the joint venture alleged to have been created as set forth herein. Upon information and belief, ABC Joint Venture is a New York joint venture.

7.      Upon information and belief, Defendant LIN WANG ("Wang") is a natural person over the age of eighteen and resides in the Eastern District of New York. She is also known as Lynn Wang.

8.     Upon information and belief, Defendant WONDERFUL CO. LTD d/b/a WONDERFUL TEXTILE ("Wonderful TT") is a Washington corporation with a principal place of business at 170 South Lincoln Street, Suite 100, Spokane, WA and a principal office mailing address of 135-15 40th Road, Unit 403, Flushing, New York 11354-5372, which is in this District. According to the public database of the Washington State Secretary of State's website, https://ccfs.sos.wa.gov/#/BusinessSearch/BusinessInformation, Wonderful TT was formed and registered with that office on June 16, 2016. (Last visited on June 18, 2024.)



9.     Upon information and belief, Defendant WANG is a shareholder and officer of and controls Defendant Wonderful TT.

10.    Upon information and belief, WANG has done and/or is doing business under the name **SHALALA NEW YORK**® for her e-commerce online sales.

11.    Upon information and belief, Wonderful TT has done and/or is doing business under the name **SHALALA NEW YORK**® for its e-commerce online sales.

12.    Upon information and belief, Defendants, individually or collectively, currently (and/or at a prior time), use the trademark and/or trade name **SHALALA NEW YORK**® in connection with, and to advertise and promote its online sales for bedding.

## JURISDICTION AND VENUE

13.     This action arises under the Lanham Act, 15 U.S.C. §§ 1114, 1120, 1125(a), 1125(d), and the common law.

14.     This Court has original federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121. This Court has supplemental subject matter jurisdiction over Plaintiff's remaining state and common law claims under 28 U.S.C. § 1367.

15.     This Court has personal jurisdiction over Defendants because each Defendant maintains a residence in and has substantial contacts with and transact business in the State of New York and in this District, including the maintenance of warehouses on Long Island, in the State of New York.

16.     Wang resides in Syosset, New York, in this District.

17.     Defendants purposefully avail themselves of the benefits and protections of New York law by regularly conducting business in this State.

18.     This Court also has personal jurisdiction over Defendants because Defendants have committed willful acts in this State that are the subjects of the claims set forth herein.

19.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because each Defendant resides in this District, Defendants operate and do significant business in this District, and because a substantial part of the events giving rise to the claims alleged herein occurred in this District.

## FACTS COMMON TO ALL CLAIMS

### 1. Plaintiff's Registered Trademark: Shalala New York

20.    On June 16, 2009, Plaintiff received, and is thereby the Registrant of, the Registered

Trademark **Shalala New York** (the "Mark") from the US Patent and Trademark Office ("PTO").

It bears Serial No. 3638581.

| Trademark | Registration Number | Goods/Services |
|-----------|---------------------|----------------|
| **SHALALA NEW YORK** | 3638581 | Clothing (Class 025) |

21.    True and accurate copies of the above-referenced SHALALA NEW YORK®

Registration are attached hereto as Exhibit 1.

22.    The SHALALA NEW YORK® Registration is valid, subsisting, and in full force

and effect and, therefore, confers a nationwide right of exclusive use of the Mark in connection

with the goods/services applied for in the registrations pursuant to 15 U.S.C. § 10579(c).

23.    The federal SHALALA NEW YORK® Registration is proof of the inherent

distinctiveness of the SHALALA NEW YORK® Trademark.

### 2. Lyn Wang's Need for a Trademark

24.    In early 2019, Wang was the co-plaintiff with a company named HeyDreamy LLC

in an action in Nassau County (N.Y.) Supreme Court against Esther Gordon, HeyDreamy

International LLC, and another individual (the "Gordon Dispute"). (Index No. 617603/2019.)

25.    The Gordon Dispute created significant obstacles for Wang in her developing the

business of importing merchandise from the People's Republic of China ("China") into the United

States. In particular, it prevented Wang from exploiting the HeyDreamy Amazon Storefront

(discussed below). In part because she did not own a trademark that would allow her (directly or

through a company she controlled) to get a new Amazon Storefront for herself, she negotiated with Plaintiff so that she could use the Mark to obtain an Amazon Storefront.

26.    Wang was one of Plaintiff's neighbors. She asked him to assist her with developing a means to develop her business in the American market as an alternative to HeyDreamy.

27.    In 2009, Plaintiff had become the registrant of the Mark, which he used in connection with the sale in the United States of clothing imported from China. Wang knew that Plaintiff was the registrant for the Mark. She also knew that he had business experience that would be useful in furthering her objective of developing a business in the United States.

28.    By 2019, because Defendant Wang, having limited English, and in the middle of legal battle with her ex-business partner over the trademark "HeyDreamy", badly needed a replacement who had a trademark and a command of English to establish her online business.  In that vein, Wang approached Plaintiff with the idea of developing an enterprise or  joint venture by using Plaintiff's business expertise and his Mark. Eventually, through discussions and negotiation, Plaintiff and Wang agreed to combine their skills and resources to develop and expand an online business together.

### Amazon Storefronts (Generally)

29.    Amazon.com ("Amazon") is an international and perhaps ubiquitous marketplace for numerous types of products, including clothing and bedding products. It has a market capitalization of over $1.7 trillion.

30.    Amazon allows retailers to create an Amazon "storefront" on its site.

31.    As    Amazon    describes    it    ([https://www.amazon.com/amazon-storefront-start/b?node=53641474011](https://www.amazon.com/amazon-storefront-start/b?node=53641474011) (last visited June 20, 2024):

## Make it yours
### A dedicated page on Amazon just for you

The Storefront provides a one-stop shop for followers to browse all your content and product recommendations, get inspired and shop on Amazon.

Drive traffic to your Storefront to start earning commissions when shoppers purchase products from your recommendations.



32.     What an Amazon Storefront does is provide an on-line shop dedicated to the creator's product. When a product search on Amazon.com leads to the creator's product and the customer links on that product, they will be invited to link to the creator's Amazon Storefront.

### The Shalala New York Storefront (Specifically)

33.     By way of example, a general Amazon search in "all departments" for "Shalala New York" yields the following (done on July 5, 2024):



34.    Clicking on the first of these items gets one to:



35.    And after clicking on the "Visit the SHALALA NEW YORK Store," the user ends up (or "lands") here:

8



36.    The owner of a particular storefront (not limited to the owner of the Shalala New York one, which we will get to in a moment) has thus leveraged Amazon's massive position in the online retail market to get the visitor to land on its own online webpage, with Amazon gaining a portion of each transaction that takes place on the Amazon storefront.

37.    Upon information and belief, the various "Shalala New York" bedding products were listed and the Shalala New York Storefront was created, was established, and is operated by Defendant Wang directly and through her control of Defendant Wonderful TT and not by or for the benefit of ABC Joint Venture.

38.    The Storefront's "About Us" page includes the following:

**Wonderful**

Welcome to Wonderful, where each thread we weave is an embodiment of passion and precision.

### 3.  The Parties' Agreement/Formation of Joint Venture

39.    At all relevant times, Wang has been in the business of procuring product manufactured in China and importing it into the United States for sale to consumers chiefly through non-internet wholesalers or distributors.

9

40.    Plaintiff has expertise in the promotion and sale of product through internet websites. In or about 2009, he also registered with the US PTO the mark **Shalala New York** as a trademark. (Exhibit 1.)

41.    In or about 2019, Plaintiff and Defendant Wang entered into negotiations the objective of which was for Plaintiff to provide his assistance and expertise in marketing and selling products in the United States that Wang had obtained and exported to the United States and to assign his rights to the Mark to a company to be formed to exploit the Mark and make use of the Mark and his expertise.

42.    The fruit of the negotiations between Plaintiff and Wang was an agreement (the "Agreement") they entered into in July 2019.

43.    The Agreement was written in Mandarin due to the fact that Defendant's English level was limited. Both parties signed the agreement. The English translation is attached below.

---

#### Contract

This contract is made between Wang Lin and Lu Xiaodan/Zhang Ru, regarding the establishment of a new company engaged in marketing textiles and bedding (not limited to), and the following agreements have been reached:

Capital Contribution:

Wang Lin: 70%
Lu Xiaodan: 30%

1) Considering that Lu Xiaodan's capital is temporarily insufficient, both parties agree that Lu Xiaodan will compensate the initial capital by receiving dividends in the future until the agreed-upon investment fund is fully replenished.

2) When the conditions in 1) are met, Wang Lin agrees that Lu Xiaodan can make additional investments, up to a maximum of 50%:50%, with the aim of jointly expanding the business. Lu Xiaodan agrees to transfer the brand Shalala New York to the new company, with the new company holding 100% ownership.

3) The newly established company (to be named) will maintain separate accounting. Significant expenses will be executed jointly by Lu Xiaodan Zhang Ru and Wang Lin, subject to mutual agreement. Significant expenses are defined as $1,000 or more.

4) Both parties agree to the principles of unity, financial transparency, and never giving up in their operations. They will work together to grow and strengthen the new company.

Signature                                              Signature

Xiaodan Lu                                             Lin Wang

---

44.    The Agreement provided that a new company—though it was never formed, it will be referred to as "Newco" herein—would be established to, as the Agreement recited, "engage[ ] in marketing textiles and bedding (not limited to)" in the United States.

45.    The ownership of Newco was to be based upon the parties' capital contributions. Plaintiff would contribute thirty percent (30%) and Defendant Wang seventy percent (70%).

46.    The Agreement further provided that:

(i)     Plaintiff's capital contributions would be made by Plaintiff contributing dividends to which he was entitled until his full agreed-upon capital contribution was satisfied.

(ii)    Plaintiff would transfer his ownership of the Shalala New York trademark, i.e., the Mark, to the company (Newco), with Newco wholly owning the Mark.

(iii)   Once Plaintiff satisfied his initial capital contribution amount, he could make additional capital investments to increase his ownership stake to fifty percent (50%).

(iv)   Plaintiff and Wang would jointly cover Newco's "significant" expenses of over $1,000.00.

(v)   The parties would adhere to principles of "unity" and "financial transparency" with respect to Newco.

47.   Notwithstanding the Agreement, neither party to it took any steps to formally create Newco, and Newco was neither formally formed nor established. The parties did, however, act in some respects as if Newco had been formed.

48.   In particular, Plaintiff led a team to develop and grow the *de facto* business, and it reached $3 million in annual sales. In or about March, 2022, Wang asked Plaintiff to temporarily stop doing day to day work for the company, and Plaintiff complied with this request.

49.   In or about October 2023, Wang for the first time told Plaintiff that Plaintiff in fact had no interest in the *de facto* business. She also prevented Plaintiff from having any access to the business's operations and information concerning it and its operations.

### 4.  The *De Facto* Joint Venture

50.   Notwithstanding the failure on the part of the parties to the Agreement to formally form Newco as contemplated in the Agreement, as a result of the foregoing, Wang and Plaintiff entered into a joint venture, which consists of the following:

(a)   they entered into a specific agreement to carry on an enterprise for profit;

(b)   their agreement evidenced their intent to be joint venturers;

(c)   each made a contribution of property, financing, skill, knowledge, or effort to the joint venture;

(d)   each was to have some degree of joint control over the venture; and

(e)    they agreed to share both profits and losses.

**5.  Defendants' Improper Trademark Applications**

51.    On or about December 21, 2023, Defendant Wonderful TT filed an application with the USPTO to register as a trademark Shalala New York for use with "Handbags; Bags for carrying pets." (Serial No. 98325542.) The application does not allege a first use date. The application was published for opposition on August 20, 2024. Plaintiff, for himself and for ABC Joint Venture, intends to opposition the application.

52.    On or about December 21, 2023, Defendant Wonderful TT filed an application with the USPTO to register as a trademark Shalala New York for use with "Beds for household pets; Portable beds for pets." (Serial No. 98325447.) The application was published for opposition on August 20, 2024. Plaintiff, for himself and for ABC Joint Venture, intends to opposition the application.

53.    On or about December 21, 2023, Defendant Wonderful TT filed an application with the USPTO to register as a trademark Shalala New York for use with "Bedsheets; Bedspreads; Comforters; Duvets; Pillowcases; Quilts; Bed blankets; Bed covers; Blankets for outdoor use; Cushion covers; Pet blankets; Picnic blankets; Shams; Sleeping bags." (Serial No. 98315979.) The application alleges first use and use in commerce on December 31, 2019. The application was published for opposition on August 20, 2024. Plaintiff, for himself and for ABC Joint Venture, intends to opposition the application.

54.    At no time did Plaintiff assign or license to Defendant Wonderful TT the right to use or register the Mark for any purpose. Plaintiff's chosen Mark "Shalala" is not a natural word and without the ABC Joint Venture's operation and use of the Mark, Defendant and her associated business entity used subterfuge to register this non-natural word in New York to covertly usurp Plaintiff's Mark. Defendant intentionally employed a clandestine strategy to register a virtually

identical name under her own name despite her agreement that the Shalala New York bedding business would be within the ABC Joint Venture business. Upon information and belief, at no time did ABC Joint Venture assign any rights that it had to the Mark with the Shalala New York trademark to Wonderful TT.

### 6. **Wang's Disregard of Her Obligations**

55.    By the foregoing conduct, Wang has made it clear that she is no longer abiding by the terms of the 2019 Agreement and that she was exploiting the assets of ABC Joint Venture for her own personal benefit to the exclusion of and without regard to Plaintiff's interests related to ABC Joint Venture and the Mark. This is made clear by her conduct with respect to the Shalala New York Store and all the products under "Shalala New York" name listed and sold on Amazon.com.

56.    No Defendant, including Wonderful TT and Lin Wang, has the right to use the Mark, other than, in the alternative, nominal Defendant ABC Joint Venture.

### As and for a First Claim for Relief
### Breach of Fiduciary Duty
### Directly by Plaintiff Against Defendant Wang

57.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 56 hereof as if fully set forth herein.

58.    Plaintiff and Defendant Wang are joint venturers with respect to ABC Joint Venture.

59.    Each joint venturer owes fiduciary duties to the other.

60.    As then-Chief Judge Cardozo famously said in *Meinhard v. Salmon*, "Many forms of conduct permissible in a workaday world for those acting at arm's length, are forbidden to those bound by fiduciary ties. A trustee is held to something stricter than the morals of the marketplace. Not honesty alone, but the punctilio of an honor the most sensitive, is then the standard of behavior." 249 N.Y. 458, 464 (1928).

61.   Moreover, "a partner is bound by an 'inflexible' rule of fidelity that excludes not only patent self-dealing but insists on the avoidance of situations where the fiduciary's own interests bring into question the interests of those to whom he owes a duty of undiluted loyalty." *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 972 (2d Cir. 1989) (citing *Birnbaum v. Birnbaum*, 73 N.Y.2d 461, 466 (1989)).

62.   Plaintiff used his personal labor and expertise to jointly with Wang start a business in which Wang had and has no trademark and lacks the skills to make it a success. She has systematically denied Plaintiff his rightful share of the profits of ABC Joint Venture notwithstanding that Plaintiff worked for the joint venture for 2½ years and led the team to grow the business to annualized $3 million; attended and took charge of international shows given his command of English; applied, got approved, created, and managed accounts on Wayfair, Overstock, and Houzz online platform; and used his personal physical office to store inventory and returns.

63.   Wang has breached her personal fiduciary obligations to Plaintiff in at least the following ways:

(a)   By using ABC Joint Venture's assets for her own personal benefit, including by leveraging the Mark to open the Shamala New York Storefront on Amazon and taking all profits generated there for her own personal benefit without compensation ABC Joint Venture;

(b)   By failing to provide books and records of ABC Joint Venture to Plaintiff or to allow Plaintiff to inspect those books and records.

(c)   By failing to account for the profits and losses of ABC Joint Venture to Plaintiff and distributing such portion and such profits as have been earned by ABC Joint Venture.

64.     Plaintiff has been damaged as a result of the fiduciary breaches committed by Wang in an amount to be determined at the trial of this Action.

## As and for a Second Claim for Relief
## Breach of Contract
## Directly by Plaintiff Against Defendant Wang

65.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 64 hereof as if fully set forth herein.

66.     This claim is asserted in the alternative in the event that it is determined that no joint venture was formed between Plaintiff and Wang.

67.     In July 2019, Plaintiff entered into the Agreement with Wang pursuant to which they agreed to form a company to which each would contribute money or assets and in which Wang would have an initial 70% interest and Plaintiff would have a 30% interest. A copy of the Agreement is set forth in paragraph 43 hereof.

68.     In justifiable and reasonable reliance on the Agreement, Plaintiff devoted time, money, and effort in support of Newco.

69.     Wang has breached the Agreement because, *inter alia*, she failed to cause the formation of Newco as a result of which Plaintiff was denied the benefit of the bargain he made in August 2019.

70.     As a result of Wang's breach of the Agreement, Plaintiff has suffered damages in an amount to be determined at the trial of this Action.

## As and for a Third Claim for Relief
## Trademark Infringement (15 U.S.C. § 1114)
## Directly by Plaintiff Against the Wang Defendants

71.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 69 hereof as if fully set forth herein.

72.    Plaintiff brings this Claim individually. It is asserted in the alternative in the event that it is found that no joint venture was formed between Plaintiff and Wang and that Plaintiff's rights to the Mark were not transferred to ABC Joint Venture.

73.    At all relevant times, Plaintiff has been the registered owner of the Mark.

74.    This claim is brought under 15 U.S.C. § 1114.

75.    At all relevant times, Plaintiff has been the registrant for the **SHALALA NEW YORK®** Trademark.

76.    The **SHALALA NEW YORK®** Registration is valid and  enforceable.

77.    Plaintiff's use and registration of the **SHALALA NEW YORK®** Trademark in the United States for online e-commerce business predates the use by Wang Defendants.

78.    Wang, through her company Wonderful TT, has used the Mark to engage in commerce through the Shalala New York Amazon Storefront.

79.    Wang, through her company Wonderful TT, has applied to the US PTO to register that mark for three uses. This is in violation of Plaintiff's rights with regard to the Trademark.

80.    Wang Defendants' control, use, registration, and/or renewal of the Mark in commerce, in connection with the sale, offering for sale, distribution, or advertising of competing goods and/or services are likely to cause confusion, mistake, or deception with regard to the origin of Wang Defendants' goods/services and to confuse, mislead, and deceive members of the public into believing that Plaintiff has allowed, sponsored, approved, or licensed Wang Defendants (and/or their affiliates or business partners) to provide competing goods/services, or in some way Wang Defendants (and/or their affiliates or business partners) are connected to or affiliated with Plaintiff, when Wang Defendants are not.

81.    Wang Defendants' conduct results in injury or has a direct impact on Plaintiff and his ability to market goods/services under the **SHALALA NEW YORK®** Trademark. Furthermore, any defect, objection, or fault found with the goods of Wang Defendants (and/or their affiliates or business partners)  would negatively impact and seriously injure the reputation Plaintiff has established for the goods/services selling under the **SHALALA NEW YORK®** Trademark.

82.    Upon information and belief, Wang Defendants' aforementioned infringing acts and conduct were carried out willfully and with the intent and purpose of appropriating and trading upon the goodwill and reputation of Plaintiff and the **SHALALA NEW YORK®** Trademark and to pass off Wang Defendants' goods/services as Plaintiff's goods/services, or as having been sponsored or approved by Plaintiff.

83.    Wang Defendants' continued control, use, registration, and/or renewal of the Mark was without Plaintiff's permission, license, or consent.

84.    Plaintiff has objected to Wang Defendants' use of the Mark and Wang Defendants have intentionally ignored such demands and continue the infringing conduct, intending to trade on the goodwill associated with the **SHALALA NEW YORK®** trademark.

85.    Wang Defendants' acts constitute willful and deliberate infringement of the federally-registered **SHALALA NEW YORK®** Trademark in violation of 15 U.S.C. § 1114.

86.    Wang Defendants' willful and callous misconduct makes this an exceptional case, entitling Plaintiff to have any monetary remedies increased, up to three times such amount, and to recover its attorneys' fees under 15 U.S.C. § 1117.

87.    Plaintiff has been and will continue to be irreparably injured by Wang Defendants' conduct. Plaintiff cannot be adequately compensated for these injuries by monetary remedies

alone, and Plaintiff has no adequate remedy at law for Wang Defendants' infringement of his rights. Plaintiff is therefore entitled to injunctive relief against Wang Defendants, and, after trial, to recover any damages proven to have been caused, or any profits of Wang Defendants that have been earned unjustly, by reason of Wang Defendants' acts of infringement.

**As and for a Fourth Claim for Relief**
**Trademark Infringement (15 U.S.C. § 1114)**
**Derivatively on Behalf of ABC Joint Venture**
**Against Wang Defendants**

88.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 87 hereof as if fully set forth herein.

89.    Plaintiff brings this Claim derivatively on behalf of ABC Joint Venture, which is a fictitious name for the unnamed joint venture that was created as alleged herein.

**1.  Demand Futility**

90.    Plaintiff has made no pre-suit demand that ABC Joint Venture itself assert a claim under the Lanham Act because such a demand would be futile.

91.    Wang has breached the Agreement by failing to take any steps to form the corporation that was to be formed pursuant thereto.

92.    Wang and Wonderful TT have used the Mark to engage in commerce on the Shalala New York Amazon Storefront and elsewhere.

93.    Wang has controlled the operations of ABC Joint Venture. Wang, though her company Wonderful TT, has applied to the US PTO to register the three trademarks identified in paragraphs 51, 52, and 53 hereof.

94.    Because of Wang's control over ABC Joint Venture, it would be futile to demand that she cause ABC Joint Venture to commence suit regarding the breaches her own company has

committed with respect to the rights to the use and registration of the Shalala New York mark and trademark.

95.    Pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, Plaintiff alleges:

(a)    he is now and at all relevant times has been a member of ABC Joint Venture, an unincorporated association, as required by Rule 23.1(a) of the Federal Rules of Civil Procedure;

(b)    this action is not a collusive one to confer jurisdiction that the court would otherwise lack;

(c)    he has taken no steps and made no effort to have those with authority or the other joint venturers to commence a litigation making the claims asserted herein with respect to the improper attempts to register the New Trademarks because such an effort would be futile, particularly because the persons in a position and with authority to commence such an action are the persons who are alleged to have violated ABC Joint Venture's rights with respect to the New Trademarks.

96.    This claim is brought under 15 U.S.C. § 1114.

## 2.  <u>Derivative Claim</u>

97.    Until he transferred his rights to ABC Joint Venture in 2019, Plaintiff was the registrant for the **SHALALA NEW YORK®** Trademark.

98.    By reason of his transfer of the Mark to ABC Joint Venture in 2019, Plaintiff ceded the exclusive right as registrant to assert a claim under 15 U.S.C. § 1114 to ABC Joint Venture, which thereby obtained the exclusive right to assert this, the Third Claim for Relief of the Complaint.

99.    Plaintiff is bringing this Claim derivatively on behalf of ABC Joint Venture.

100.  Plaintiff's use and registration of the **SHALALA NEW YORK®** Trademark in the United States for online e-commerce business predates the use by Wang Defendants.

101.  Wang, through her company Wonderful TT, has used the Mark to engage in commerce through the Shalala New York Amazon Storefront and various bedding products listed on Amazon.

102.  Wang, through her company Wonderful TT, has applied to the US PTO to register that mark for three uses. This is in violation of ABC Joint Venture's rights with regard to the Trademark.

103.  Wang Defendants' control, use, registration, and/or renewal of the Mark in commerce, in connection with the sale, offering for sale, distribution, or advertising of competing goods and/or services are likely to cause confusion, mistake, or deception with regard to the origin of Wang Defendants' goods/services and to confuse, mislead, and deceive members of the public into believing that ABC Joint Venture has allowed, sponsored, approved, or licensed Wang Defendants (and/or their affiliates or business partners) to provide competing goods/services.

104.  Wang Defendants' conduct results in injury or has a direct impact on ABC Joint Venture and its ability to market goods/services under the **SHALALA NEW YORK®** Trademark. Furthermore, any defect, objection, or fault found with the goods of Wang Defendants (and/or their affiliates or business partners)  would negatively impact and seriously injure the reputation ABC Joint Venture has established for the goods/services selling under the **SHALALA NEW YORK®** Trademark.

105.  Upon information and belief, Wang Defendants' aforementioned infringing acts and conduct were carried out willfully and with the intent and purpose of appropriating and trading upon the goodwill and reputation of ABC Joint Venture and the **SHALALA NEW YORK®**

Trademark and to pass off Wang Defendants' goods/services as ABC Joint Venture's goods/services, or as having been sponsored or approved by ABC Joint Venture.

106.   Wang Defendants' continued control, use, registration, and/or renewal of the Mark was without ABC Joint Venture's permission, license, or consent.

107.   ABC Joint Venture has objected to Wang Defendants' use of the Mark and Wang Defendants have intentionally ignored such demands and continue the infringing conduct, intending to trade on the goodwill associated with the **SHALALA NEW YORK®** trademark.

108.   Wang Defendants' acts constitute willful and deliberate infringement of the federally-registered **SHALALA NEW YORK®** Trademark in violation of 15 U.S.C. § 1114.

109.   Wang Defendants' willful and callous misconduct makes this an exceptional case, entitling ABC Joint Venture to have any monetary remedies increased, up to three times such amount, and to recover its attorneys' fees under 15 U.S.C. § 1117.

110.   ABC Joint Venture has been and will continue to be irreparably injured by Wang Defendants' conduct. ABC Joint Venture cannot be adequately compensated for these injuries by monetary remedies alone, and ABC Joint Venture has no adequate remedy at law for Wang Defendants' infringement of its rights. ABC Joint Venture is therefore entitled to injunctive relief against  Wang Defendants, and, after trial, to recover any damages proven to have been caused, or any profits of Wang Defendants that have been earned unjustly, by reason of Wang Defendants' acts of infringement.

### As and for a Fifth Claim for Relief
### Usurpation of Corporate Opportunity
### Derivatively on Behalf of ABC Joint Venture
### <u>Against Wang</u>

111.   Plaintiff repeats and realleges the allegations of paragraphs 1 through 110 hereof as if fully set forth herein.

112.   Plaintiff brings this Claim derivatively on behalf of ABC Joint Venture, which is a fictitious name for the unnamed joint venture that was created as alleged herein.

113.   Plaintiff has made no pre-suit demand that ABC Joint Venture and such demand is excused for the reasons set forth in paragraphs 90 to 95 hereof.

114.   Wang has usurped for herself opportunities that rightly belong to ABC Joint Venture.

115.   This includes using the Mark insofar as it belongs to ABC Joint Venture for her own personal benefit and without compensating ABC Joint Venture for that use.

116.   Wang has also used other assets of ABC Joint Venture to operate her own business ventures and to profit personally from that use.

117.   ABC Joint Venture has been damaged as a result of Wang's improper use of ABC Joint Venture assets in an amount to be determined at the trial of this action.

### <u>DEMAND FOR JURY TRIAL</u>

Plaintiff respectfully requests a trial by jury in this action of all issues so triable.

### <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendants:

(a)   On the first claim for relief, against Wang for damages in an amount to be established at the trial of this Action.

(b)   On the second claim for relief, against Wang for damages in an amount to be established at the trial of this Action.

(c)    On the third claim for relief, against Wang for damages in an amount to be established at the trial of this Action together with costs and attorney's fees.

(d)    On the fourth claim for relief, against Wang and Wonderful TT for the award to ABC Joint Venture for damages in an amount to be established at the trial of this Action.

(e)    On the fifth claim for relief, against Wang for the award to ABC Joint Venture for damages in an amount to be established at the trial of this Action.

(f)    A preliminary and permanent injunction enjoining Defendants and all affiliates, parents, subsidiaries, agents, owners, and employees, from

  (i)    Claiming to be the owners of the Mark and withdraw or cancel and stop their application for the Mark on other classes;

  (ii)    Using the Mark or any confusingly similar indicators of source in connection with the sale, offer for sale, marketing, distribution, or advertisement of any of their goods and services, or in any way that suggests a false association, sponsorship, endorsement, or affiliation with ABC Joint Venture;

  (iii)    Using any "Shalala New York"-related trade names or confusingly similar trade names;

  (iv)    Sublicensing and/or franchising the Mark to any other party.

(g)    An order that Defendants surrender for destruction all products, packaging, labels, wrappers, signs, prints, advertisements, electronic files, and other articles that make infringing use of the Marks or confusingly similar indicators of source;

(h)    The costs, including attorneys' fees, of this Action; and

(i)    Such other relief as the Court may deem just and proper.

Dated: September 9, 2024

THE LINDEN LAW GROUP, P.C.

By: *Jeffrey Benjamin*

Jeffrey Benjamin, Esq.
250 Park Avenue, 7th Floor
New York, New York 10177
Tel: (212) 655-9536
*Attorneys for Plaintiff*

## VERIFICATION

STATE OF NEW YORK     )
                           :ss
COUNTY OF SUFFOLK     )

XIAODAN LU being duly sworn, depose and say:

That deponent is the individual and principal of plaintiff herein; deponent has read the foregoing **VERIFIED COMPLAINT** and knows the contents thereof: that the allegations are true and accurate to the best of the deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters, deponent believes to be true.

_____
XIAODAN LU